**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TATIANA AFANASSIEVA et al.,**

**Plaintiffs,**

**5:20-cv-1109 (GLS/TWD)**

**v.**

**PAGE TRANSPORTATION, INC. et al.,**

**Defendants.**

---

## SUMMARY ORDER

On September 29, 2021, by Memorandum-Decision and Order, the court granted a motion to dismiss the complaint as untimely. (Dkt. No. 17.)[1] Pending is a motion for reconsideration of that Memorandum-Decision and Order filed by plaintiffs Tatiana Afanassieva and Arthur Kukuyev. (Dkt. No. 19.) For the reasons that follow, plaintiffs' motion is denied.

Plaintiffs argue that the court erred in calculating the applicable statute of limitations "because the successive tolling provisions

---

[1] The court determined that plaintiffs were both residents of New Jersey, and, thus, N.Y. C.P.L.R. 202 required the "borrowing" of New Jersey's statute of limitations. (Dkt. No. 17 at 16-21.) Under New Jersey's statute of limitations, and with all applicable New Jersey tolls applied, plaintiffs' deadline to file was determined to be on or before June 1, 2020, making their September 15, 2020 filing untimely. (Dkt. No. 17 at 16-17.)

promulgated by the Governor of the State of New York pursuant to his emergency powers were not considered in those calculations." (Dkt. No. 19, Attach. 2 at 2.) Plaintiffs contend that "under normal circumstances" the court's holding that their claim is time barred by N.Y. C.P.L.R. 202, which required the borrowing of New Jersey's statute of limitations and applicable tolls, would be correct. (*Id.* at 3.) Plaintiffs assert that the New York State Governor tolled all New York statutes of limitation during the COVID-19 pandemic by various executive orders for a period of two hundred and twenty-eight days. (*Id.* at 3-4.) Further, plaintiffs maintain that these executive orders "did not carve any exceptions whatsoever with regards to out-of-state plaintiffs and neither did they exclude actions commenced by out-of-state plaintiffs subject to N.Y. C.P.L.R. [] 202." (*Id.* at 4.) Therefore, plaintiffs argue that the New Jersey statute of limitations should have been tolled by the governor's order for a period of two hundred and twenty-eight days, thus, making their filing on September 15, 2020, timely.[2] (*Id.*)

---

[2] In plaintiffs' motion they claim that the appropriate deadline for them to commence their action should have been April 5, 2020, after applying the tolls in the governor's executive orders. (Dkt. No. 19, Attach. 2 at 4.) The court need not address what affect the executive orders would have had on the New Jersey statute of limitations because, for the reasons set out below, the executive orders do not apply to foreign statutes of limitation.

Defendants oppose the motion, arguing that the executive orders were “intended to toll and extend [New York] [S]tate’s statute of limitations period” and that the governor of New York “does [not] have the authority, to impede upon other sovereign state’s ability to create their own statute of limitations period.” (Dkt. No. 21 at 14.) Defendants also contend that plaintiffs have not put forth issues appropriate for a motion for reconsideration, and are simply seeking to re-litigate issues already considered and ruled upon by the court. (*Id.* at 3-13.) Finally, defendants seek attorney’s fees and costs associated with opposing this motion. (*Id.* at 16.)

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1 (formerly Rule 7.1(g)).[3] “In order to prevail on a motion for reconsideration, the movant must satisfy stringent

[3] Northern District of New York Local Rule 60.1 provides:

> Unless otherwise provided by the Court, by statute or rule . . . , a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a). . . . The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

As a preliminary matter, plaintiffs' motion for reconsideration is not simply an attempt to re-litigate the motion to dismiss. Plaintiffs' argument is essentially that the court failed to consider certain executive orders in calculating the statute of limitations. (Dkt. No. 19 at 3-4.) If plaintiffs' interpretation of those executive orders is correct, their action would be timely, and reconsideration would be necessary "to correct a clear error of

law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3. Therefore, the court will consider the substance of plaintiffs' motion.

N.Y. C.P.L.R. 202, New York's borrowing statute, provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Under this statute, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *QED, LLC v. Faber Daeufer & Itrato, P.C.*, No. 20-CV-2767, 2021 WL 707073, at *4 (S.D.N.Y. Feb. 22, 2021) (quoting *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015)) (other citation omitted). Further, "[i]n borrowing a foreign statute of limitations, New York courts must apply all extensions and tolls applicable *in the foreign state*." *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, No. 1:18-cv-08481, 2019 WL 8017846, at *7 (S.D.N.Y. Dec. 17, 2019) (emphasis added and citations omitted).

Executive Order No. 202.8, the pertinent executive order,

(hereinafter, "the Order") states in relevant part:

> [A]ny specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

(Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8])). This toll was extended by various subsequent executive orders until November 4, 2020. *See, e.g.*, (Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]).

The toll established in the Order does not affect the New Jersey statute of limitations for several reasons. First, the court is not aware of any caselaw indicating that a court applying N.Y. C.P.L.R. 202 should superimpose a New York toll onto a foreign statute of limitations. *See* (David D. Siegel & Patrick M. Connors, New York Practice § 57 [6th ed. 2018]) ("[T]he New York period, with all relevant New York extensions and tolls integrated, is one prong of the comparison, and the foreign period, with the foreign tolls and extensions integrated, is the other. The New York tolls are not superimposed on the foreign period or vice versa"); *see also*

*Vincent v. Money Store*, 915 F. Supp. 2d 553, 567 (S.D.N.Y. Jan. 4, 2013) (declining to toll actions brought by nonresident plaintiffs because, when conducting the borrowing analysis under N.Y. C.P.L.R. 202, the court determined that, under the applicable foreign law, the foreign plaintiffs' claims would not be tolled because, "despite the tolling provision [under New York law]" which would have made their action timely, the applicable foreign law contained no such provision). Second, imposing the toll established in the Order on the New Jersey statute of limitations would directly contradict the purpose of N.Y. C.P.L.R. 202. *See Ins. Co. of N.A. v. ABB Power Generation*, *Inc.*, 668 N.Y.S.2d 143, 146 (1997) ("[T]he primary purpose of [N.Y. C.P.L.R.] 202 is to prevent forum shopping by a non-resident seeking to take advantage of a more favorable Statute of Limitations in New York."). Third, while it is feasible that the governor, by issuing the Order, intended to toll the statute of limitations of foreign jurisdictions, he lacks the authority to do so. For these reasons, the motion must be denied.[4]

---

[4] Defendants request for attorney's fees and costs associated with opposing this motion, (Dkt. No. 21 at 15), is also denied. Although ultimately unsuccessful, plaintiffs' motion was not made "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).

Accordingly, it is hereby

**ORDERED** that plaintiffs' motion for reconsideration (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that defendants' request for attorney's fees and costs associated with opposing this motion (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 22, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge